# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHARON LINDSAY** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 24-0482** |
| **v.** | : | |
| | : | |
| **MARK C. CLEMM,** *et al.* | : | |
| *Defendants* | : | |

# ORDER

    **AND NOW**, this 11th day of July 2024, upon consideration of Defendants' *motions to extend discovery 45 days*, (ECF 24, 25), and Plaintiff's response in opposition, (ECF 26), it is hereby **ORDERED** that Defendants' motions are **DENIED**.[1]  Plaintiff's motion to compel, (ECF 22), will be addressed separately.

---

[1]    Plaintiff brings this action against Defendants asserting claims of predatory mortgage loans that charged and collected interest at over twice the legal rate in Pennsylvania, in violation of the federal Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1962(c) and (d) and the Pennsylvania Fair Credit Uniformity and Extension Act, 73 Pa. Stat. Ann. 2270.1 *et seq.*  Pursuant to Local Rule of Civil Procedure ("Local Rule") 53.2 § 4(A), an Order dated April 29, 2024, notified the parties that "[d]iscovery must be completed within ninety (90) days of the date the answer was filed, unless otherwise ordered by the assigned judge."  (ECF 16 at p. 1); *see also* L. Civ. R. 53.2 § 4(A).  On April 11, 2024, Defendants filed an answer to the complaint, (ECF 9), thus, making the deadline to complete discovery July 10, 2024.  An arbitration trial was scheduled for August 13, 2024.  (ECF 16).

    On June 10, 2024, Defendants filed a motion to remove the action from arbitration, essentially arguing that the objectives of the arbitration trial would not be realized as the legal issues in the case predominate over the factual issues.  (ECF 17).  This Court denied the motion by Order on June 20, 2024.  (ECF 19).  A week later, Defendant filed a motion for summary judgment with 12 exhibits attached.  (ECF 20).  Under Local Rule 53.2 § 4(C), the filing of the motion for summary judgment effectively cancelled the arbitration proceeding until this Court "rule[s] on the motion."  L. Civ. R. 53.2 § 4(C) (explaining that when a case is designated for arbitration but a party files a motion for summary judgment ahead of the judge naming the assigned arbitrators, "the judge shall not sign" an order naming "the arbitrators designated to hear the case" until the judge "has ruled on the motion"); (*see also* ECF 21) (cancelling previously scheduled arbitration).

    On the date discovery was to conclude, Defendants filed the instant motion seeking a 45-day extension of discovery.  (Defs'. Mot., ECF 24-1, at p. 2).  Plaintiff opposes the motion.  (ECF 26).  Notably, when Defendants earlier filed the summary judgment motion, nowhere did they indicate that they needed

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*

**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

more time to complete discovery.  To the contrary, by filing the summary judgment motion, Defendants contended that there are no genuine issues of material fact.  Despite the pending motion for summary judgment, Defendants now want this Court to extend discovery because they need more time to schedule depositions.  Defendants clearly want it both ways, which Plaintiff asserts is "a deliberate effort to delay this action."  (Pl's. Resp., ECF 26, at p. 1).  Plaintiff's assertion may be correct.  Nevertheless, in light of the pending motion for summary judgment and the absence of a compelling reason to extend discovery, Defendants' motion is denied.