# EXHIBIT "1"

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| | : | Civil Action |
| SHARON LINDSAY as Administratrix of the | : | |
| ESTATE OF GLORIA M. PARKIN | : | No. 2:24-cv-00482-NIQA |
| | : | |
| v. | : | |
| | : | ORAL ARGUMENT REQUESTED |
| MARK C. CLEMM, et al. | : | |
| | : | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT UNDER FED. R. CIV. P. 56(c)**

Defendants Mark C. Clemm, Katie M. Clemm, and Clemm and Associates, LLC ("C&A") (collectively, "the Clemm Parties"), through counsel, request that this Court enter summary judgment in their favor as Plaintiff Sharon Lindsay, as Administratrix of the Estate of Gloria Parkin ("Plaintiff" or "the Estate") lacks standing to bring claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 *et seq.* ("RICO") and the Pennsylvania Fair Credit Extension and Uniformity Act, 73 P.S. § 2270.1 *et seq.* ("FCEUA").

Plaintiff's Response in opposition ignores the reality that Gloria Parkin, in her individual capacity, was never a party to the Loan. The only parties to the Loan are Dwayne Steers, the Trust, KMC Associates, LLC, and formerly WCT, LLC. For this reason, the Clemm Parties request their Motion for Summary Judgment be granted.

In her Opposition, Plaintiff relies on *Maio v. Aetna, Inc.* to claim, "Plaintiff here can establish that she suffered at least $14,814 in out-of-pocket monetary losses owing to illegal interest payments made over the four-year statutory damages period prior to the filing of this lawsuit." (Doc. 23 at p. 6). What Plaintiff ignores is that she did not make payments on the Loan in her individual capacity, she made them as Trustee. Plaintiff also ignores that the mortgage

1

securing the Loan was given by her as Trustee Under the Trust dated January 8, 1975. (Doc. 20-5). The plain terms of the mortgage provide:

## MORTGAGE

**THIS MORTGAGE** is given this 11th day of December, 2013 by **Gloria M. Parkin, Trustee under Trust dated January 8, 1975** (hereinafter referred to as the **"Mortgagor"**) to **WCT, LLC** (hereinafter referred to as **"Mortgagee"**)

(Doc. 20-5 at p. 3). Parkin, as mortgagor, also executed the mortgage as Trustee of the Trust:

**IN WITNESS WHEREOF**, the Mortgagor has caused this Mortgage to be duly executed the day and year first above written.

By: *Gloria M. Parkin*

Gloria M. Parkin, trustee under trust dated January 8, 1975

(Doc. 20-5 at p. 9). In addition to the fact that Plaintiff did not execute the mortgage in her individual capacity, but as Trustee, Plaintiff also did not execute the Guaranty and Surety Agreement in her individual capacity, but also as Trustee:

## GUARANTY AND SURETY AGREEMENT

THIS GUARANTY AND SURETY AGREEMENT (the "Agreement") is made this 11th day of December, 2013, by Gloria M. Parkin, trustee under January 8, 1975 trust ( "Guarantor") for the benefit of WCT, LLC ("Lender").

. . .

2

IN WITNESS WHEREOF, Guarantor, intending to be legally bound hereby, has caused this Agreement to be duly signed the day and year first above written.

*Gloria M Parkin*
Gloria M. Parkin, trustee under January 8, 1975 trust

(Doc. 20-6 at pp. 2, 7). In short, as Plaintiff was not a party to the Loan documents, Plaintiff cannot now claim she was harmed by the Loan. (Doc. 20-5 at pp. 3, 9; Doc. 20-6 at pp. 2, 7).

Plaintiff's reliance on *Fleetwood Servs., LLC v. Complete Bus. Sols. Grp., Inc.* is also misplaced as that case did not involve a trust entity, but only individuals and various business entities. *See Fleetwood Servs., LLC v. Complete Bus. Sols. Grp., Inc.*, 374 F. Supp. 3d 361, 365 (E.D. Pa. Apr. 10, 2019) (involving plaintiffs Fleetwood Services, LLC, Robert L. Fleetwood, and Pamela A. Fleetwood, and defendants Complete Business Solutions Group, Inc., Prime Time Funding, LLC, and unnamed John and Jane Doe defendants). No trust was at issue in *Fleetwood Servs., LLC*. *See Fleetwood Servs., LLC*, 374 F. Supp. 3d at 365-66.

Plaintiff also argues that because she made payments on the Loan from her personal bank account and not the Trust's bank account, this should transmogrify her status as an individual to the Loan despite the plain terms of the Loan documents. (Doc. 23 at pp. 6-7). But Plaintiff's failure—in her capacity as Trustee—to follow trust formalities under the law only exposes her to liability for breach of fiduciary duty. *See e.g., In re Estate of Warden*, 2 A.3d 565, 573 (noting that a trustee's breach of fiduciary duty and causation are sufficient for courts to order a surcharge); *see also in re Bard's Estate*, 339 Pa. 433, 437 (1940). Plaintiff's failure to follow trust formalities does not alter the reality that she was never a party to the Loan in her individual capacity. (Doc. 20-3; Doc. 20-5 at pp. 3, 9; Doc. 20-6 at pp. 2, 7).

3

Because no parties to the Loan have been named in this lawsuit, the Clemm Parties are entitled to summary judgment under Fed. R. Civ. P. 56(c) as the Estate lacks standing to bring these claims. For this reason, summary judgment should be entered in favor of Defendants.

**KAUFMAN DOLOWICH LLP**

Dated: July 18, 2024

/s/ Richard J. Perr
Richard J. Perr, Esquire
Matthew E. Selmasska, Esquire
One Liberty Place
1650 Market Street, Suite 4800
Philadelphia, PA 19103
T: 215.501.7002 F: 215.405.2973
rperr@kaufmandolowich.com
matthew.selmasska@kaufmandolowich.com
*Attorneys for Defendants Mark C. Clemm, Katie M. Clemm, and Clemm and Associates, LLC*

4

**CERTIFICATE OF SERVICE**

I, Richard J. Perr, certify that I caused a true and correct copy of the foregoing Reply, and

all attendant documents, to be served on all counsel of record in this action via the Court's CM/ECF

system on the date indicated below.

Irv Ackelsberg, Esq.
David Nagdeman, Esq.
Langer, Grogan & Diver P.C.
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
iackelsberg@langergrogan.com
dnagdeman@langergrogan.com

Dated: July 18, 2024                                    /s/ Richard J. Perr
                                                        Richard J. Perr