IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHARON LINDSAY** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 24-0482 |
| **v.** | : | |
| | : | |
| **MARK C. CLEMM,** *et al.* | : | |
| *Defendants* | : | |

# ORDER

**AND NOW**, this 9th day of August 2024, upon consideration of Plaintiff's *motion to compel Mark Clemm's attendance and for sanctions*, (ECF 22), and Defendants' response in opposition, (ECF 29), it is hereby **ORDERED** that Plaintiff's motion is **GRANTED**.[1]

---

[1] In this action, Plaintiff asserts claims under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1962(c) and (d), and the Pennsylvania Fair Credit Uniformity and Extension Act, 73 Pa. Stat. Ann. 2270.1 *et seq.* premised on alleged predatory mortgage loans that charged and collected interest at over twice the allowable legal rate in Pennsylvania. Pursuant to the Notice of Arbitration Hearing dated April 29, 2024, the Clerk of Court advised the parties that "[d]iscovery must be completed within ninety (90) days of the date the answer was filed, unless otherwise ordered by the assigned judge." (ECF 16 at p. 1). Defendants filed their answer to the complaint on April 11, 2024, (ECF 9), thus, making the deadline to complete discovery July 10, 2024.

On June 4, 2024, Plaintiff noticed Defendant Mark C. Clemm's deposition, which occurred on July 2, 2024. When agreeing to the deposition, neither Defendant Mark Clemm nor his counsel indicated that Defendant Mark Clemm had multiple appointments on the day of the scheduled deposition that would limit his ability to participate in the deposition. Defendant Mark Clemm testified for approximately five hours, before announcing a few minutes beforehand that he had to stop at 3:30 PM, forcing Plaintiff to recess the deposition. On July 4, 2024, Plaintiff's counsel reached out to Defendants' counsel to propose times on July 8, 9, or 10 to continue the deposition before discovery ended on July 10, 2024. Defendants' counsel stated that Defendant Mark Clemm was unavailable on those dates but could agree to a date after July 10, 2024, provided that the parties agreed to extend all existing deadlines in this case. Plaintiff rejected the suggestion. After some back and forth, Defendants filed two motions for extension of time to complete discovery on July 10, 2024, (ECF 24, 25), which this Court denied on July 11, 2024. (ECF 27).

Plaintiff now seeks to compel Defendant to sit for the remainder of his deposition. Pursuant to Federal Rule of Civil Procedure ("Rule") 30(d)(1), a deposition is generally limited to one day of seven hours unless otherwise stipulated or ordered by the court. Fed. R. Civ. P. 30(d)(1). Here, Defendant Mark Clemm did not sit for the full seven hours at his scheduled deposition. As such, Plaintiff's motion is granted.

                                                                               **BY THE COURT:**
                                                                               /s/ *Nitza I. Quiñones Alejandro*
                                                                               **NITZA I. QUIÑONES ALEJANDRO**
                                                                               *Judge, United States District Court*

---

Defendant Mark Clemm shall sit for the remainder of his deposition to be scheduled within two weeks of this Court's order.

       Plaintiff's motion also requests that this Court award sanctions against Defendants in the form of reasonable expenses, including attorneys' fees, related to bringing the motion to compel and conducting the remainder of Defendant Mark Clemm's deposition. Pursuant to Rule 30(d)(2), a court may impose an appropriate sanction, including the reasonable expenses and attorney's fees incurred by any party, on a person who impedes, delays, or frustrates the fair examination of the deponent. Fed. R. Civ. P. 30(d)(2). Defendant is an attorney admitted to practice before this Court. Accordingly, this Court expects that Defendant and his counsel are familiar with the Federal Rules of Civil Procedure and the parties' obligations therein. Defendant frustrated Plaintiff's examination of him by failing to communicate his alleged multiple obligations on July 2, 2024, prior to scheduling the deposition on that day. In addition, Defendants' counsel should have reminded their client of his obligations to finish the deposition consistent with Rule 30(d)(1) when he abruptly ended the deposition. As such, sanctions in the form of reasonable expenses, including attorneys' fees, related to bringing the motion to compel and conducting the remainder of Defendant Mark Clemm's deposition are warranted. Plaintiff is to file a motion for attorneys' fees and costs with supporting documentation within ten days from the date of the deposition.