# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHARON LINDSAY** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 24-0482** |
| **v.** | : | |
| | : | |
| **MARK C. CLEMM,** *et al.* | : | |
| *Defendants* | : | |

# ORDER

**AND NOW**, this 16th day of August 2024, upon consideration of Defendants' *motion for protective order*, (ECF 28), and Plaintiff's response in opposition, (ECF 31), it is hereby **ORDERED** that Defendants' motion is **DENIED**.[1]

---

[1] Plaintiff asserts claims under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1962(c) and (d) and the Pennsylvania Fair Credit Uniformity and Extension Act, 73 Pa. Stat. Ann. 2270.1 *et seq.* premised on alleged predatory mortgage loans that charged and collected interest at over twice the allowable legal rate in Pennsylvania. On April 24, 2024, the parties filed their Joint Rule 26(f) Report, which contained a stipulation governing the discovery of electronically stored information ("ESI"). (ECF 15-1). On June 3, 2024, Defendants produced 3,279 pages of documents responsive to Plaintiff's document requests. However, Plaintiff alleged these pages were transmitted as two pdf files with no accompanying individual file metadata and no indications as to how the documents were maintained in the course of business. After Plaintiff informed Defendants that the format of the production was deficient, Defendants amended their production by reproducing the documents in their native format. The native versions did not contain the "original file paths" in the metadata, and Defendants allegedly did not provide any means to connect the Bates-numbered documents previously produced as PDFs to the native files. While Defendants argue that they have complied with the plain text of the parties' ESI Protocol Stipulation, Plaintiff argues that Defendants failed to provide the documents in a usable form, making it impossible to identify where files begin and end.

Plaintiff also contends that she learned, during Defendant Mark Clemm's abandoned deposition on July 2, 2024, that Defendant Mark Clemm serves as trustee for the William Cooney Trust. As a follow-up to the discovery of this information, Plaintiff sought to uncover Defendant Mark Clemm's fee and compensation information pertaining to his duties as trustee of the William Cooney Trust. Defendants argue that this information has no bearing on this lawsuit. By way of the underlying motion, Defendants seek a protective order with respect to their ESI production and Defendant Mark Clemm's compensation and fee information.

According to the parties' ESI Protocol Stipulation, "[i]f a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in

BY THE COURT:
/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

the original document." (ECF 15-1 at ¶ 1(d)). The parties also stipulated to preserving the integrity of the underlying ESI and producing various metadata upon request, including "original file path." (ECF 15-1 at ¶¶ 1(c), 3). It appears that Defendants have not done so. As such, to the extent they have not done so already, Defendants shall produce the documents in a format that preserves the unitization and shall produce the requested metadata providing the original file path for the documents produced.

      With respect to Defendant's compensation and fee information regarding his role as trustee of the William Cooney Trust, Defendants argue that this information is not relevant to this action. Federal Rule of Civil Procedure ("Rule") 26 provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Relevance encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Solano-Sanchez v. State Farm Mut. Auto Ins. Co.*, 2021 WL 229400, at *2 (E.D. Pa. Jan. 22, 2021) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). In response to Defendants' relevance argument, Plaintiff argues that the information may be relevant to prove her RICO claim. Although the trust is not named as one of the enterprise entities in Plaintiff's Complaint, the existence of the trust became known to her during Defendant Mark Clemm's deposition on July 2, 2024. Access to the fee and compensation information may assist Plaintiff in determining if the trust is a co-conspirator in the enterprise or if allegedly usurious interest flowed through the trust to Defendant Mark Clemm. *See, e.g.*, *Levine v. First Am. Title Ins. Co.*, 2013 WL 4675741, at *6 (E.D. Pa. Aug. 30, 2013) (finding that collection of fees that an entity was not entitled to receive may help prove a common scheme to further a common purpose under RICO); *Swarthmore Radiation Oncology, Inc. v. Lapes*, 155 F.R.D. 90, 95 (E.D. Pa. 1994) (allowing discovery into unnamed alleged co-conspirators). As such, there is no basis to issue an order protecting the fee information from discovery. Accordingly, Defendants' motion for a protective order is denied.